**FLICK et al., Appellees,**

v.

**CITY OF LEBANON et al., Appellants.**

[Cite as *Flick v. Lebanon* (1999), 132 Ohio App.3d 804.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA98–07–078.

Decided March 29, 1999.

*Steven M. Runge,* for appellees.

*J. William Duning* and *Timothy A. Fischer,* for appellants.

WALSH, Judge.

Defendants-appellants, the city of Lebanon, Ohio and five of its council members, appeal an order of the Warren County Common Pleas Court enjoining the Lebanon City Council from removing plaintiff-appellee, James Mills, from the office of mayor. The evidence that the trial court relied on in making its judgment consists of a stipulation of facts and the Charter of Lebanon.

Lebanon, pursuant to the municipal corporations provisions of the Ohio Constitution, operates under a charter form of municipal government.[1] Its legislative branch, the Council, is comprised of seven members who are elected to four-year, overlapping terms. Four members are elected in one municipal election and the other three in the next municipal election.[2] Following each municipal election, within five days thereafter, the Council selects from among its members a mayor and a vice mayor,[3] each of whom serve a two-year term.[4]

The term "municipal election" is defined in the Charter as "[t]he regular election for the choice of members of Council [that] shall be held on the first Tuesday after the first Monday in November in the odd numbered years."[5]

The stipulation provides:

"(3) In November, 1995, Mary Ann Cole was elected as a member of Lebanon City Council. Her term began in December 4, 1995.

---

1. Ohio Constitution, Article XVIII, Section 3.

2. Charter of Lebanon, Article II, Section 2.01.

3. Charter of Lebanon, Article II, Section 2.06.

4. Charter of Lebanon, Article II, Section 2.07.

5. Charter of Lebanon, Article IX, Section 9.01.

"(4) On December 1, 1997, * * * Council member James Mills was selected by the Lebanon City Council to serve as Mayor per Section 2.07 of the Lebanon Charter.

"(5) On December 1, 1997, Council member Mary Ann Cole was selected by the Lebanon City Council to serve as Vice Mayor per Section 2.07 of the Lebanon Charter.

"(6) On June 9, 1998, the Board of Elections of Warren County, Ohio, certified the results of [a] [recall] election held May 26, 1998, wherein Mary Ann Cole was removed from office per R.C. 705.92. In the same election, John McComb was elected as a Member of Lebanon City Council.

"* * *

"(8) On June 9, 1998, John McComb took the oath of office as a Member of Lebanon City Council."

Thereafter, the Council sought to remove Mills from the office of mayor pursuant to Section 2.06 of the Charter, which provides that "[f]ollowing each municipal election Council shall meet * * * for the purpose of organizing. At such meeting the newly elected members of Council shall take the oath of office and the Council shall proceed to elect a Mayor and Vice–Mayor * * *." It was the Council's position that the May 26, 1998 recall election was a "municipal election" and that as a result, it was empowered by Section 2.06 of the Charter to remove the mayor in mid-term.

On June 9, 1998, Mills and plaintiff-appellee, Council member Mark Flick, filed a complaint for declaratory judgment seeking a judgment, *inter alia*, (1) declaring that there is to be no new "organization of council" following a recall election, and (2) enjoining the Council from "reorganizing" and replacing Mills, the then current mayor, until his term ended.

By judgment entry filed June 17, 1998, the trial court granted a permanent injunction to appellees, thus barring the Council from removing Mills. The trial court found that a recall election was not a "municipal election" within the context of Section 2.06 of the Charter and that as a result, it did not empower the Council to remove a mayor in mid-term (who was not himself the subject of the recall).

On appeal, appellants present the following assignment of error:

"Whether the Lebanon City Charter allows Lebanon City Council to re-organize itself and elect [*sic*] a new mayor and vice–mayor after one of its members has been replaced in a recall election."

We note initially that Section 9.06, Article IX of the Charter incorporates by reference the provision of R.C. 705.92 [6] as its recall procedure.

---

6. R.C. 705.92(B), the pertinent provision here, provides:

While R.C. 705.92(B) states that "such [recall] election * * * shall be conducted and the result thereof returned and declared in all respects as are the results of regular municipal elections[,]" it does not describe the recall election as a regular municipal election but merely sets forth the procedure for conduct, return, and declaration of the results of the recall election. In fact, the successor to any person removed by the recall shall hold office during the unexpired term of his predecessor. R.C. 705.92(D).

The absence of any language in R.C. 705.92 to support the idea that a recall election is the equivalent of a regular municipal election persuades us that the state legislators who framed this statute did not intend for the terms "recall election" and "regular municipal election" to mean the same thing.

It follows then that because the Charter calls for an organizational meeting at which the mayor is selected within five days after a municipal election, and because there was no municipal election as defined by the Charter, the reorganization of council that resulted in the removal of Mills from the office of mayor, based upon the instant recall election, is outside the powers granted Council under the Charter. A charter, subject to such limitations as may be provided therein, limits, governs, and controls council. *State ex rel. Gulf Refining Co. v. DeFrance* (1950), 89 Ohio App. 1, 5, 45 O.O. 315, 316–317, 100 N.E.2d 689, 691–692.

We therefore conclude that the trial court was correct in granting the injunction against removing Mills from the office of mayor. Appellants' sole assignment of error is overruled.

*Judgment affirmed.*

POWELL, P.J., and WILLIAM W. YOUNG, J., concur.

---

"If the petition is sufficient, and if the person whose removal is sought does not resign * * *, the legislative authority shall thereupon order and fix a day for holding an election to determine the question of the removal of the elective officer, and for the selection of a successor to each officer named in said petition. * * * The election authorities shall publish notice and make all arrangements for holding such election, which shall be conducted and the result thereof returned and declared in all respects as are the results of regular municipal elections."